**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

GARY LEON WEBSTER
ADC #114018 PLAINTIFF

v. 3:26-cv-00147-DPM-JJV

BECKER, Deputy,
Craighead County Detention Center, *et al*. DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition (Recommendation) has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. DISCUSSION

Plaintiff Gary Leon Webster is a prisoner in the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. Prior to filing this lawsuit, he filed at least nineteen cases that were dismissed for failing to state a claim upon which relief may be granted.[1] Thus, Plaintiff is a three-striker and can proceed *in forma pauperis* only if he demonstrates: (1) he was in imminent danger of serious physical injury at the time the complaint was filed; and (2) there is a risk of ongoing danger or future injury. *See Charron v. Allen*, 37 F.4th

---

[1] *See Webster v. Lewis,* No. 3:22-cv-52-LPR, 2022 WL 1997264 (E.D. Ark. June 6, 2022) (documenting Plaintiff's extensive filing history); *Webster v. Inst. of Virology,* No. 4:22-cv-720-LPR, 2022 WL 17587888 (E.D. Ark. Sept. 23, 2022) (making Plaintiff a restricted filer).

483, 486 (8th Cir. 2022); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In 2018, Plaintiff filed *Webster v. Boyd*, 3:18-cv-248-JTK (E.D. Ark. 2018), alleging officials at the Craighead County Detention Center used excessive force, wrongfully placed him on suicide watch, improperly took his glasses, and denied him adequate medical care for his injuries. (Doc. 18.) In 2020, the Court dismissed Plaintiff's first three claims without prejudice because Plaintiff failed to exhaust his administrative remedies. (Doc. 54.) Later that year, the Court granted summary judgment on the merits of his inadequate medical care claims, which were dismissed with prejudice. (Docs. 69, 70.)

In this new 2026 lawsuit, Plaintiff renews his inadequate medical care claims against Craighead County jail officials. In an attempt to establish imminent danger and revive his previously dismissed claims, Plaintiff says he is continuing to experience back pain caused when force was used against him, eight years ago at the Craighead County Detention Center. (Doc. 1 at 4-6.) But the doctrine of res judicata, or claim preclusion, prevents Plaintiff from relitigating any medical care claims he could have raised in his 2018 lawsuit. *See Saylor v. Jeffreys*, 131 F.4th 864, 866 (8th Cir. 2025); *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018).

It is unclear if Plaintiff is saying he has now properly exhausted his 2018 excessive force, suicide watch, and glasses claims that were dismissed without prejudice, and wishes to renew them in this lawsuit against the Craighead County officials. If Plaintiff is trying to do so, nothing in the Complaint suggests he is currently in imminent danger of serious physical injury from those claims which happened eight years ago at a different facility.

Accordingly, on June 15, 2026, I concluded Plaintiff was barred from proceeding *in forma pauperis* under § 1915(g), gave him twenty-one days to pay the $405 filing fee in full, and cautioned him this case could be dismissed without prejudice if he did not timely do so. (Doc. 4.)

Since then, Plaintiff has filed a largely uncomprehensible Addendum raising allegations about the "Walker Spy Ring" and the "Entebbe Incident." (Doc. 7 at 4.) But nothing in that document satisfies the imminent danger exception. Plaintiff has not paid the filing fee in full, and the time to do so has passed. Therefore, I recommend the Complaint be dismissed without prejudice. If Plaintiff wishes to proceed with this action, he must pay the $405 fee in full with his Objections to this Recommendation.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 9th day of July 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE